(No. 5351— )

ILLINOIS BELL TELEPHONE COMPANY, A Corporation, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1967.*

ROBERT T. ACHOR, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

Dove, J.

Claimant, Illinois Bell Telephone Company, a Corporation, filed its complaint in the Court of Claims in which it seeks judgment of $35,428.72, representing charges for telephone services rendered up to June 30, 1965 to various departments of the State of Illinois pursuant to tariff rules and regulations of the Illinois Commerce Commission, which form a contract between the Telephone Company and the State of Illinois.

A Departmental Report was filed, which stated: "The debt is fair and just, is due and owing, and should be paid to the Company for the services rendered."

Subsequently a written stipulation was entered into by claimant and respondent, which states as follows:

"The report of the Office of the Secretary of State to the Illinois Attorney General, dated April 7, 1967, (a copy of which is attached hereto, marked exhibit A, and by this reference incorporated herein, and made a part hereof) shall be admitted into evidence in this proceeding without objection by either party.

"No other oral or written evidence will be introduced by either party.

"The Comissioner to whom this case has been assigned and the Court may make and file their reports, recommendations, orders and decisions based upon the pleadings heretofore filed, and the evidence herein stipulated.

"Neither party objects to the entry of an order in favor of claimant and against respondent in the sum of $35,428.72.

"Neither party desires to file briefs in this proceeding.

"Both parties waive notice of any hearing, and agree that the aforesaid order may be entered without either party being present."

This Court has repeatedly held that, where a contract has been (1) properly entered into; (2) services

satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an award for the amount due. *St. Mary's Hospital, Decatur, of the Hospital Sisters of the Third Order of St. Francis, an Illinois Corporation* vs. *State of Illinois,* case No. 5261, opinion filed February 24, 1966. It appears that all qualifications for an award have been met in the instant case.

Claimant, Illinois Bell Telephone Company, a Corporation, is, therefore, hereby awarded the sum of $35,428.72.